**Dated: March 27, 2019**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br>JAMES EDWARD LEVINGS<br>MARGARET LYNN LEVINGS | Case No. 18-80650-TRC<br>Chapter 13 |
| Debtors. | |
| JAMES EDWARD LEVINGS and<br>MARGARET LYNN LEVINGS | |
| Plaintiffs, | |
| vs. | Adv. No. 18-08010-TRC |
| JPMORGAN CHASE BANK, NATIONAL<br>ASSOCIATION, and KIVELL, RAYMENT<br>and FRANCIS, P.C., | |
| Defendants. | |

### ORDER OF DISMISSAL WITH PREJUDICE

Before the Court are motions to dismiss filed by each Defendant pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons set forth below, the motions are granted and this case is

dismissed with prejudice.

**I.     Procedural History**

Plaintiffs James and Margaret Levings filed their original Complaint against JPMorgan Chase Bank, N.A. ("Chase")  for breach of contract, declaratory and injunctive relief, quiet title, unjust enrichment, violations of the Oklahoma Consumer Protection Act, and rescission of their 2012 loan modification agreement with Chase.  Chase responded by filing its first Motion to Dismiss (Docket Entry 10).  The Levings then filed their First Amended Complaint, dropping their breach of contract claim against Chase, and adding Chase's attorneys, Kivell, Rayment & Francis, P.C., as a co-defendant with Chase as to three of  five causes of action.  The Levings allege causes of action against both Defendants for fraud on the court, violations of the federal Fair Debt Collection Practices Act, and violations of the Oklahoma Consumer Protection Act.[1] They renewed their causes of action against Chase seeking declaratory and injunctive relief determining that Chase is not the holder of a valid secured interest in the Levings' property and therefore not a valid creditor, disallowing Chase's claim in the bankruptcy, and seeking an order to quiet title in the property in the Levings' name.  In response, Chase filed a motion to dismiss the First Amended Complaint (Docket Entry 29).  The Levings' oppose dismissal and ask this Court to vacate the foreclosure judgment. This Court held a hearing regarding Chase's motion to dismiss and took the matter under advisement.

Defendant Kivell, Rayment & Francis, P.C. ("Kivell, Rayment & Francis") also filed a motion to dismiss the Levings' First Amended Complaint pursuant to Fed R. Civ. P. 12(b)(1), the *Rooker-Feldman* doctrine, res judicata and collateral estoppel (Docket Entry 42).  After a series

---

[1]The First Amended Complaint superceded the original complaint and mooted Chase's first motion to dismiss.

of continuances, this Court held a separate hearing on this motion wherein the Levings' attorney expressed to this Court that their goal in this adversary is to own their home without responsibility for the note and mortgage. The Court took Kivell, Rayment & Francis' motion under advisement.

**II.     Background**

In 2006, Plaintiffs James and Margaret Levings executed a promissory note secured by a mortgage on their home to Regions Bank. Regions Bank assigned the mortgage to Chase on March 8, 2008. The Levings allege that Regions Bank only assigned the mortgage to Chase, but did not indorse the note to Chase. The Levings do admit that Chase obtained the note with a blank indorsement from Regions, but allege that the indorsement was altered and modified into a special indorsement to Chase. The Levings suffered "economic hard times"[2] and several foreclosure proceedings were filed on the note and mortgage. The first foreclosure was filed in 2009 in Leflore County District Court by Chase. Chase's petition included an attachment of an unindorsed copy of the promissory note and assigned mortgage. For reasons unknown to this Court, that case was dismissed. Chase filed a second foreclosure action in 2011 but this time attached the note with a blank indorsement by Regions Bank. The Levings allege that this indorsement was not authentic and was void. A judgment was obtained but vacated, apparently because the Levings entered a loan modification agreement with Chase in 2012. The third foreclosure action was filed by Chase in 2013. In this case, Chase attached yet another version of

---

[2]1st Am. Compl. ¶ 34 (Docket Entry 25). Both Complaints reference exhibits that are attached, but neither Complaint includes any attachments. However, the Levings' Response to Chase's Motion to Dismiss (Docket Entry 33) includes a copy of the Petition they filed against Chase in LeFlore County District Court in November 2018. Attachments to the Petition are an unendorsed promissory note, an assignment of mortgage from Regions Bank to Chase, and a promissory note with an endorsement without recourse from Regions Bank to Chase.

the promissory note, this one indorsed to Chase, rather than a blank indorsement by Regions Bank. The Levings allege this special indorsement was improperly altered and modified. This case resulted in a summary judgment of foreclosure against the Levings.

The Levings appealed this judgment. On March 30, 2018, the Oklahoma Court of Civil Appeals ("COCA") affirmed the trial court's summary judgment of foreclosure. In affirming the LeFlore County District Court, the COCA agreed that at the time the 2013 foreclosure suit was filed, Chase was the owner of both the note and mortgage. The COCA opinion notes Mrs. Levings' admission that they were unable to make the payments, and that the Levings offered no evidentiary support to controvert the material facts in Chase's motion for summary judgment submitted to the trial court. The COCA also reviewed the Levings' counterclaims against Chase for intentional infliction of emotional distress and breach of contract. It noted that the Levings never argued Chase did not own the mortgage, and that they had no evidence to challenge the fact that Chase had owned the note since 2008. The COCA held that under Oklahoma law it is not possible to bifurcate the mortgage from the note, and that Chase was the party entitled to enforce the note. Further, the Levings admitted that they had actual notice of the pending foreclosure action and Chase complied with the notice requirements in the note and loan modification agreement. The Levings filed a Petition for Certiorari to the Oklahoma Supreme Court on May 29, 2018. This Petition has been stayed pending the outcome of their bankruptcy proceedings.[3]

---

[3] *See* Mot. to Dismiss 1st Am. Compl.(Docket Entry 29) Ex. C. Levings' Belated Status Report filed with the Oklahoma Supreme Court, S. Ct. No.: 115,981, on August 31, 2018. This Report erroneously represents to the Oklahoma Supreme Court that the bankruptcy trustee's motion to dismiss is pending but "not scheduled for hearing or other disposition at this time." In fact, at the time the Report was filed, a hearing on the trustee's motion to dismiss the Levings' bankruptcy case was scheduled for September 13, 2018. Upon application by the Levings, the Trustee's motion to dismiss has been continued several times and is currently set for hearing April 11, 2019.

The Levings filed chapter 13 bankruptcy in this Court on June 18, 2018. They listed Regions Bank as the first mortgagee on their home. Their chapter 13 plan proposed a sixty month plan at $30 per month. It does not include any payments for secured claims. Chase, through its bankruptcy counsel Kivell, Rayment & Francis, filed an objection to confirmation of the plan on the grounds that the plan fails to include its secured claim. The Levings filed this adversary case on August 8, 2018. Shortly thereafter, Kivell Rayment & Francis on behalf of Chase filed a timely proof of claim in the bankruptcy case for $117,488.32, secured by a promissory note and mortgage on the Levings' home.

The Levings' First Amended Complaint states that Chase is not a creditor; therefore, in filing an objection to confirmation and filing a proof of claim, Chase has perpetrated a fraud on the court, aided by its counsel, Kivell Rayment & Francis. The Levings' allege that their adversary causes of action have "no existence outside the Debtors' bankruptcy case" and "present serious matters concerning the administration of the Debtors' estate."[4] The remaining allegations focus almost entirely on the state court foreclosure actions, the note and indorsement from Regions Bank to Chase, and the events surrounding a Loan Modification signed by the Levings in 2012.

### III. Motions to Dismiss

#### A. Standards for Motions to Dismiss.

Both Defendants move for dismissal, citing the *Rooker-Feldman* doctrine. They state that the issues raised by the Levings in their complaints have already been determined by the state courts, Chase has been found to be a secured creditor, and any actions taken in this bankruptcy case based upon those findings are not actionable. The Levings argue that Chase is not a creditor

---

[4] 1st Am. Compl. ¶ 2 (Docket Entry 25).

and the focus of this adversary case is conduct taken in this Court, not about what happened in state court. They argue that reliance on the *Rooker-Feldman* doctrine is misplaced, that there is no final order in the foreclosure case on appeal, and that the new case they filed to vacate the foreclosure judgment moots the Defendants' reasons for dismissal. They also oppose Chase's alternative request for abstention.

The focus of a motion to dismiss is on the complaint itself. However, to properly address the motions for dismissal and the allegations contained in the Levings' First Amended Complaint, the Court must review the docket and pleadings from the state court cases to determine what issues were presented and decided therein. Courts may take judicial notice of proceedings in other courts, including in a state court proceeding, if those proceedings have a direct relation to matters at issue in this case.[5] A court may consider documents referred to in a complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.[6] The Levings' First Amended Complaint directly references the 2013 LeFlore County District Court foreclosure action as well as earlier foreclosure actions, and their Petition for Certiorari to the Oklahoma Supreme Court. The First Amended Complaint acknowledges that the Oklahoma COCA affirmed the LeFlore County District Court's summary judgment in favor of Chase. Therefore, this Court has reviewed the COCA opinion, the Levings' Answer and Counterclaims filed in the 2013 foreclosure action, the Levings' Petition for Certiorari and Status Report to the Oklahoma Supreme Court, and the Levings' 2018 Petition against Chase filed in LeFlore County District Court with attachments, which were submitted to

---

[5] *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979).

[6] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). *See also In re Expert South Tulsa, LLC*, 522 B.R. 634, 654 (B.A.P. 10th Cir. 2014).

this Court by the Levings.

When considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief may be granted. Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim to show that the pleader is entitled to relief." This pleading standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[7] A court must accept as true all well-pleaded factual allegations of the complaint, even if doubtful, and must construe the allegations in a light most favorable to the claimant.[8] However, a court is not bound to accept as true "a legal conclusion couched as a factual allegation."[9] To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face. Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable. A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct. Such facts must raise a right to relief above the speculative level.[10] Defendants have also raised defenses of collateral estoppel or issue

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also In re Expert South Tulsa, LLC*, 522 B.R. at 653 (purpose of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly* "is to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, [and] also to inform the defendants of the actual grounds of the claim against them." (citation omitted.)).

[8] *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[9] *Twombly*, 550 U.S. at 555 (citations omitted).

[10] *McDonald v. Wise*, 769 F.3d 1202 (10th Cir. 2014).

preclusion to support their motions to dismiss.

The Court also considers dismissal pursuant to Fed. R. Civ. P. 12(b)(1) regarding lack of subject matter jurisdiction. The *Rooker-Feldman* doctrine states that a federal court, other than the United States Supreme Court, lacks subject matter jurisdiction to review, modify or set aside judgments of state courts. Also, any claim that is inextricably intertwined with issues raised in the state court proceedings may not be challenged in this Court. The doctrine is implicated in cases brought by a state court loser who complains of injuries caused by state court judgments that are rendered before a federal court proceeding is commenced, and requests review and rejection of the state court judgment.[11] The Levings argue that this doctrine is not implicated because they have appealed Chase's judgment in state court which appeal is stayed by their bankruptcy. They also claim that they are not seeking review of the state court decision by this Court, nor are any of their claims inextricably intertwined with the state court case. Finally, the Levings argue that in filing their new lawsuit in LeFlore County District Court to vacate the judgment of foreclosure, they have mooted any application of *Rooker-Feldman*, collateral estoppel and claim preclusion.

### B. Review of the Levings' Complaint

The Levings insist that their allegations are focused only on the Defendants' actions in bankruptcy, and have nothing to do with anything that took place in state court, therefore this Court has jurisdiction to hear this case. They state:

> Debtors' Amended Complaint *does not assert any claims that were raised or considered in the state court action. As a result, their claims are not related to or intertwined with the issues pending in the state court foreclosure proceeding which remains on appeal to the Oklahoma Supreme Court on the Debtors'*

---

[11]*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

    *petition for certiorari.*[12]

This is patently false. The Levings' factual allegations primarily focus on the foreclosure actions that took place in state court actions. The Levings allege at ¶ 14 in their First Amended Complaint that Chase "has no relationship to or interest in the Debtors' 2006 promissory note which is payable to Regions Bank . . . ." At ¶ 21, the Levings state that Chase has filed three foreclosure actions against them seeking to foreclose a promissory note and home mortgage and has filed a different version of the note in each case. Paragraphs 22 through 37 detail actions involving the assignment and indorsement by Regions Bank to Chase of the note and mortgage, as well as the 2012 loan modification, the alleged threats made to coerce them to enter the loan modification, and mention the 2013 foreclosure, summary judgment and affirmance in state court. They state that the note with special indorsement Chase attached to its bankruptcy proof of claim is the same note that Chase relied on to file its 2013 foreclosure action. They allege that by attaching this note to the proof of claim, Chase and Kivell, Rayment & Francis are intentionally misleading the bankruptcy court into believing that Chase is a secured creditor.

    These allegations regarding the alleged false, void, altered indorsement are the same ones made in the 2013 foreclosure action. Both the LeFlore County District Court and the Oklahoma COCA reviewed the evidence that Chase has submitted in this case in support of its secured claim. Those courts determined that Chase was the holder of the Levings note and mortgage and was entitled to enforce them. The issue of whether Chase is a valid secured creditor was resolved. Under the doctrine of issue or claim preclusion this Court should recognize the

---

[12]Debtors' Resp. to JPMorgan Chase Bank's Mot. to Dismiss Compl. ¶ 3 (Docket Entry 26) emphasis added. This response was filed after the Levings' filed their First Amended Complaint, therefore it references new allegations made therein.

preclusive effects of those state court decisions.[13]  It is not fraud on the court for Chase and Kivell, Rayment & Francis to assert this position and file a secured proof of claim.

The Levings are simply attempting to recast their state law arguments as federal bankruptcy claims, hoping that this Court will overlook the substance of their allegations for their form. They argue that the Court must accept as true their factual allegations that the mere act of filing the proof of claim is actionable as fraud upon the court.  While it is true that allegations should be construed in a light most favorable to the Levings, their factual allegations must be "well-pleaded."  Instead, they have set forth legal conclusions couched as factual allegations. Chase's proof of claim includes note and mortgage documents.  The COCA Opinion finds that under Oklahoma law, it is not possible to bifurcate the mortgage from the note.  Therefore, it does not matter whether Chase is identified as the indorsee of the note because Chase is the holder of the mortgage.  These findings provide overwhelming support for Chase's position that it is a creditor in this case, and directly contradict the Levings' underlying premise for this adversary case.

The Levings argue that neither res judicata nor the *Rooker-Feldman* doctrine apply to this case.  The Levings correctly state that res judicata applies only when the underlying judgment is a final judgment, therefore is not determinative in this case.  However, despite the pending appeal of the foreclosure, the *Rooker-Feldman* doctrine applies to deny jurisdiction for this Court to review the merits of the Levings' claims as their claims are inextricably intertwined with the merits of the state court action.  The relief the Levings seek here — as stated in their First Amended Complaint, objections, and by their counsel during the hearing on Kivell, Rayment & Francis' motion to dismiss — is to vacate the state court foreclosure judgment and void the

---

[13] *See Exxon Mobil*, 544 U.S. at 293.

mortgage on their home. This would require this Court to reverse and vacate the findings made by the state courts. The Levings' adversary asks this Court to examine the documents underlying the state court foreclosure judgment, find that Chase is not a creditor, and rescind the mortgage. They ask this Court to quiet title in their name and foreclose any claim to their property by Chase. They ask this Court to order Chase to cease and desist from prosecuting the 2013 foreclosure action. These requests require this Court to review claims previously decided by the state court, and make findings contrary to the state court's findings. This Court believes that *Rooker-Feldman* as well as the doctrine of issue preclusion bar this Court from granting such relief.[14]

The Levings allege a cause of action for fraud on this Court by the filing of the proof of claim and objection to their chapter 13 plan. Fraud on the court is defined as a scheme to corrupt the court proceedings or "inhibit the ability of an adverse party to fully present his case or defense, and which has the effect of foreclosing to him the opportunity to have a fair and complete trial …."[15] It is also "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."[16] Typically, fraud on the court is a justification for seeking relief pursuant to Rule 60(b) or (d). Examples of conduct justifying relief under Rule 60(d) are bribery of a judicial officer, hiring an attorney because of an intimate or criminal relationship with a judge, jury tampering, or some similar

---

[14] "In the foreclosure context, the Tenth Circuit has applied *Rooker-Feldman* to bar collateral attacks on final state court foreclosure judgments." *In re Kline*, 472 B.R. 98, 108-05 (B.A.P. 10th Cir. 2012) *citing Dillard v. Bank of New York*, 476 Fed. Appx. 690 (10th Cir. 2012).

[15] *In re Laing,* 945 F.2d 354, 357 (10th Cir. 1991) quoting *Browning v. Navarro*, 826 F.2d 335, 345 (5th Cir. 1987).

[16] *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985).

activity that is designed to deceive the court.[17] The Levings' allegations do not identify any activity remotely similar. The only allegation here is that Chase and Kivell, Rayment & Francis filed a proof of claim and objection to confirmation that are based upon an improper indorsement from Regions Bank, i.e., a fraudulent document. That is not "fraud on the court." There are no allegations of bribery, improper relationship with a judge, or similar activities. Furthermore, allegations that Chase orchestrated a fraudulent scheme to obtain the state court foreclosure judgment were litigated and decided in the state court actions.

The Levings' reliance on *Pepper v. Litton*, 308 U.S. 295 (1939) is misplaced. *Pepper* involved an elaborate scheme involving sham corporations, and a cooperating sheriff. The state court was not asked to determine whether the judgments were procured fraudulently. The Supreme Court recognized the equitable powers of the bankruptcy court to examine the underlying nature of a proof of claim in a case where a debt was obtained by collusion of the parties, the validity of the underlying debt was not determined, and the judgment was fraudulently obtained. It did not, as the Levings contend, suspend the doctrine of *res judicata*, but limited the bankruptcy court's jurisdiction to examination of a state court judgment where a judgment creditor could not establish that the judgment actually determined the validity of its claim. That is not the situation here. As this Court has pointed out, the allegations of fraudulent activity by Chase in the foreclosure actions were raised in those cases and rejected by the state court. Therefore, the state courts have determined that Chase has a valid claim, have rejected the Levings claims against Chase, and reduced Chase's claim to judgment. Pursuing a collection of a validly-determined debt against the Levings in bankruptcy is not sufficient to state an

---

[17] *See* 12 Moore's Federal Practice ¶ 60.21 (3d ed. 2015).

actionable claim for fraud on the court.

The allegations also do not state a claim for relief for violations of the Fair Debt Collection Practices Act ("FDCPA"). The Levings allege that Defendants violated this Act by filing a false and fraudulent proof of claim for a loan, knowing that Chase is not the proper holder of the note and assignee of the mortgage and that the Levings do not owe Chase a debt. This claim is inextricably intertwined with the merits and finding of the state court. Chase's claim and status as a secured creditor has been resolved by the state court. This Court cannot review and reverse that finding. No cause of action exists under the FDCPA.

Similarly, no cause of action exists under the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, §751 *et seq*. Chase has been determined to be a secured creditor with a valid enforceable claim by the state court. As this Court has previously discussed, the actions taken herein by Chase and Kivell, Rayment & Francis were based upon those determinations. Therefore, the Levings have not stated a claim under the Oklahoma Consumer Protection Act that Defendants engaged in unlawful practices, including false representations or misleading statements, by filing the objection to confirmation and the proof of claim.[18]

**IV.     Abstention.**

Even if this Court possesses subject matter jurisdiction over some of the Levings' allegations and the Court finds that the Levings' complaints pass the pleading standard of 12(b)(6), several factors weigh in favor of this Court abstaining from consideration of this case. State law issues are predominate in this case. Matters of ownership and title are determined in accordance with state law, not federal bankruptcy law. The Court does not believe it should interfere with any state court proceedings by granting equitable relief. The Levings ask this

---

[18] *See* OCPA, § 753.

Court to quiet title in their home against any interest Chase claims and decide a claim under the Oklahoma Consumer Protection Act. There are two related proceedings currently pending in state court. The Levings have filed a petition for certiorari with the Oklahoma Supreme Court. They have also chosen to pursue Chase by filing another lawsuit in LeFlore County, which is assigned to the same judge who issued the original judgment of foreclosure in favor of Chase. The Levings seek relief from the foreclosure judgment and sanctions against Chase. The Oklahoma state courts can adequately address any relief the Levings seek regarding the foreclosure process. The interests of comity with state courts and respect for state law weigh in favor of this Court abstaining from reconsidering the final foreclosure judgment, appeal and new state court case and from ruling on the other issues raised by the Levings in this case. Therefore, the Court finds that it should abstain from hearing this case, pursuant to 28 U.S.C. § 1334(c).

## V. Conclusion

This Court has reviewed and considered in the light most favorable to the Levings the allegations of this case. Having done so, it has determined that there is no reason to believe they could provide sufficient additional factual support for the claims they have raised that would provide jurisdiction to hear this case.[19] Further, the Court finds that it should abstain from hearing this case. Therefore, the Court concludes that this adversary proceeding should be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Docket Entry 29) and Defendant Kivell, Rayment & Francis, P.C.'s Motion to Dismiss Amended Adversary Complaint (Docket Entry 42) are **granted.** All causes of action set forth by Plaintiff James and Margaret Levings against

---

[19] *See Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007).

JPMorgan Chase Bank, N.A. and Kivell, Rayment & Francis, P.C. are **dismissed with prejudice**.

###