**Dated: May 22, 2019**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
JAMES EDWARD LEVINGS           Case No. 18-80650-TRC
MARGARET LYNN LEVINGS       Chapter 13

                Debtors.

JAMES EDWARD LEVINGS and
MARGARET LYNN LEVINGS

                Plaintiffs,

vs.                                        Adv. No. 18-08010-TRC

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, and KIVELL, RAYMENT
and FRANCIS, P.C.,

                Defendants.

## ORDER DENYING MOTION FOR REHEARING TO RECONSIDER DISMISSAL

      Before the court is Plaintiffs' Motion for Rehearing of March 27, 2019 Order of

Dismissal with Prejudice (Docket Entry 68). The court held a hearing on this motion and

Case 18-08010    Doc 89    Filed 05/22/19    Entered 05/22/19 15:08:00    Desc Main
Document      Page 1 of 6

Defendants' objections.  For the reasons set forth below, the motion seeking relief from this court's order of dismissal is denied.

The Levings proceed under Fed. R. Civ. P. 59(e), applicable to this proceeding by Fed. R. Bankr. P. 9023.  They argue that this court has "patently misunderstood" their factual and legal claims as well as made compelling errors of law and fact.  The standard for granting a Rule 59 motion to alter or amend is very strict.  These motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[1]  As stated by the Tenth Circuit, "[t]he purpose for such a motion is to correct manifest errors of law or to present newly discovered evidence."[2]

In asking this court to reconsider its order of dismissal, the Levings state that the court misunderstood their complaint, and that their focus is on what happened in the bankruptcy court only, not on what happened in state court.  They state their cause of action is for fraud practiced on the bankruptcy court through the Defendants' filing of a proof of claim that includes an attachment of an allegedly false special indorsement on a promissory note that accompanied their home mortgage.   Defendants are alleged to be fraudulently attempting to convince this court that Defendant JPMorgan Chase Bank, N.A. ("Chase") was an Article 3 holder in possession of a specially indorsed note.  The Levings allege that the special indorsement on the promissory note from the original lender to Chase is false and void.

As this court previously explained, "fraud on the court" is a scheme to corrupt the court proceedings directed to the judicial machinery itself.  It is not fraud between the parties or

---

[1] 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1 (3d ed. 2019).  *See also In re Onyeabor*, 487 B.R. 599 (B.A.P. 10th Cir. 2013), aff'd, 535 F. App'x 725 (10th Cir. 2013).

[2] *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

fraudulent documents, false statements or perjury.³ The Levings fail to provide any legal authority for their position that this court has defined "fraud on the court" incorrectly. They also fail to provide any information about a scheme to corrupt the judicial proceedings of this court or to obtain the dismissal of this case. These are serious charges that should not be made without substantial evidence, and certainly should not be made in an effort to gain a strategic advantage against an adversary. Such conduct is expressly prohibited by Fed. R. Bankr. P. 9011.⁴ The Levings' counsel alluded to having evidence in support of their claim that Chase was not the rightful holder of the Levings' promissory note, but she declined to describe or present such evidence to this court, did not include it in the adversary complaint, nor was it mentioned in either of the state court decisions. Not a single allegation was made that suggests Defendants attempted to corrupt the procedures of this court.

      The Levings again cite *In re Abboud* in support of this motion, repeating their argument that because there is no final resolution of their foreclosure case — because they have appealed the state court judgments to the Oklahoma Supreme Court and then stayed that appeal by filing bankruptcy — this court can ignore it.⁵ This is an erroneous reading of *Abboud.* As the bankruptcy court stated, the fact that the state court judgment was on appeal did not render its holding meaningless. Where the claim at issue is "inextricably intertwined" with the merits of the state court judgment, *i.e.,* "federal relief can only be predicated upon a conviction that the

---

³ *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985)(en banc). *See also In re Laing*, 945 F.2d 354 (10th Cir. 1991).

⁴ *See also Matter of Lisse*, 921 F.3d 629 (7th Cir. 2019)(affirming sanctions and disciplinary action against attorney who filed chapter 13 bankruptcy to collaterally attack state court foreclosure process. Attorney's unfounded accusations that creditor's counsel engaged in "uncontroverted fraud on the Court" considered to be an abuse of the judicial process.)

⁵*In re Abboud*, 232 B.R. 793 (Bankr. N.D. Okla. 1999).

state court was wrong," then the federal proceeding is prohibited.[6]  Here, despite the Levings' attempts to recast their claim as "fraud on the court," they specifically state that the state court decision was wrong (although they fail to provide legal authority for this statement), and they ask this court to make a decision contrary to the state courts and hold that their note and mortgage are null and void.  Accordingly, this court does not think it has erred in finding that it cannot properly review the Levings' claims.

However, for the sake of the Levings' current motion and to ensure that it understands the nature of the arguments made and determined by the state courts, this court has reviewed again the trial court's judgment and the Oklahoma Court of Civil Appeals' ("COCA") opinion regarding the 2013 foreclosure action commenced after the Levings signed the 2012 loan modification agreement.  The COCA reviewed the trial court's order granting summary judgment to Chase, and also reviewed the Levings' counterclaims against Chase for intentional infliction of emotional distress and breach of contract.  It noted that the Levings' arguments were that Chase misrepresented that it was the holder of the note when it induced them to sign the loan modification, and that Chase failed to give the required notice of default before foreclosing.  The COCA considered these arguments and noted that the Levings never argued Chase did not own the mortgage, and that they had no evidence to challenge the fact that Chase had owned the note since 2008.  The COCA held that under Oklahoma law it is not possible to bifurcate the mortgage from the note, and that the uncontroverted evidence was that Chase was the party entitled to enforce the note.  It also stated that under Oklahoma law, Chase was entitled to enforce the note as the holder of that note either by special endorsement or blank endorsement, contrary to the Levings' claim otherwise.

---

[6]*Id.* at 798-99, quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987).

The Levings are making the same argument in this case: that Chase misrepresents that it is the holder of the note by creating a false indorsement and submitting it as support for its proof of claim filed in the bankruptcy case. In fact, they admit this in their motion for reconsideration: "The only issue that is involved in both the state court and the Bankruptcy Court is whether the special indorsement that Chase filed in both Courts is a false document that was filed to convince both Courts that Chase was a holder entitled to procure relief from each court." Mot. for Rehearing, pg. 4. This issue was addressed and resolved by the state trial court and the COCA. Those courts found that Chase was a valid holder of the note and assignee of the mortgage, and that the Levings offered no evidence to refute Chase's claim. The Levings' adversary complaint contained no factual allegations otherwise and essentially repeats their arguments made in the state courts. They again offer nothing different in their current motion.

The Levings also argue that this court's decision to abstain is contrary to law but they cite no legal authority for this position. Instead, they repeat their claim that this case has no connection to the state court case (except for the one common issue regarding Chase as the holder of the note) therefore promoting comity with the state courts and their laws is not relevant here. As this court has previously discussed, this case does involve state law and decisions applying those law. The Levings have come to this court to avoid and prolong the application of those laws. To defer to Oklahoma state courts to address any relief the Levings may seek regarding the foreclosure process is not an abuse of this court's discretion. The interests of comity with state courts and respect for state law weigh in favor of abstention.

Having thoroughly reviewed the Levings' motion and arguments, the court finds that they have raised the same arguments that were previously made and they have failed to meet the standard to grant a Rule 59(e) motion.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion for Rehearing of March 27, 2019 Order of Dismissal with Prejudice (Docket Entry 68) is **denied.**

###